MONROE, Judge,
dissenting.
The trial record shows that the wife asked the court to speak louder after the court had initiated the proceedings by explaining that the parties had reached an agreement. This supports the wife’s claim that she was not aware that her attorney had reached an agreement. There is no reason for this court not to believe the wife’s testimony, in which she has stated, under oath, that she was not aware of the agreement and that she could not hear the attorney when he read the agreement in open court because he was facing the judge and had his back turned to her. There is also no reason to disbelieve the wife’s assertions that her attorney instructed her that her objections would only anger the judge. In fact, her testimony is supported by a witness.
The trial court never asked the parties on the record if they understood the agreement or if they had actually agreed to its terms. The wife was never given an opportunity to read the agreement before it was submitted to the court. She never signed the agreement. In short, there is no evidence to show that she consented to the agreement in any way.
I do not believe in railroading people through the system. The wife should not be forced to accept an agreement in which she had no part, and to which she would have objected given the opportunity. When a trial court has been alerted to such an injustice, especially when the evidence so supports the movant’s contentions, it is the trial court’s duty to revisit its determination and to revise its judgment.
I believe the trial court abused its discretion. Therefore, I must respectfully dissent.